WILLIAM GOTTLIEB AND HENRY STEIN, PLAINTIFFS-APPELLANTS, v. PHILIP N. CONNOLLY, DEFENDANT-RESPONDENT.

Submitted October 15, 1926—Decided March 15, 1927.

Sale of Real Estate—Agents' Commissions—Agents Produced a Customer Ready to Buy Until it was Ascertained That There was Not as Much Land as the Vendor Had Believed—Contract With Agent Satisfied the Statute of Frauds, but There was no Consideration, and Void Therefor—Judgment For Defendant Affirmed.

On appeal from a judgment of the District Court for the Fourth Judicial District of Bergen county.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *Filbert L. Rosenstein.*

For the respondent, *Warner W. Westervelt, Jr.*

PER CURIAM.

This is an appeal by the plaintiff below (hereinafter called the plaintiffs) from a judgment of the District Court of the Fourth Judicial District of Bergen county rendered for the defendant upon a counter-claim. The plaintiffs were real estate brokers. The defendant, Philip N. Connolly, was the owner of a property at Woodcliffe Lake, New Jersey, which he was desirous of selling for $7,000. The plaintiffs produced a purchaser by the name of Benjamin Petshaft. Connolly and Petshaft entered into an agreement for the sale and purchase of the property for $7,000. In the agreement the property was described by metes and bounds and the amount of land was recited as being "seven acres more or less." On the back of a receipt given by Connolly to Petshaft, Connolly wrote the words: "Commission of $600 on this sale to be paid to Wm. Gootlieb and Henry Stein," and signed his name thereto.

A survey of the property was afterwards made. The survey showed that instead of there being seven acres there were only four and sixty-five one hundredths acres. Petshaft refused to accept a deed for the property because of this difference in the acreage. The discrepancy was admitted. A settlement was then made between Connolly and Petshaft by which Connolly returned to Petshaft the amount Petshaft had paid. Petshaft released Connolly from his obligations under the agreement of sale. Connolly refused to pay the plaintiffs the balance of the commission of $600, namely, $400. They commenced suit to recover the balance. Connolly filed a counter-claim for the $200 which he had paid. The case was tried by the judge without a jury. In the findings made by him he held that Petshaft, the purchaser produced by the plaintiffs, was unwilling to consummate the purchase on the

terms of Connolly, namely, the payment of $7,000 for the property; that the misunderstanding as to the amount of the land was a mistake in fact and not induced by fraud on the part of Connolly. The trial judge further held that there was no meeting of the minds of Connolly and Petshaft when the agreement of sale was executed; that as a result thereof it made no difference whether the endorsement on the receipt made by Connolly to pay the plaintiffs $600 was within the provisions of the statute of frauds or not; that plaintiffs had not performed their contract and had not earned their commission because they had not produced a purchaser ready, willing, and able to make the purchase on the terms of Connolly; that as a matter of law the contract for the commissions was without consideration; that the plaintiffs were not entitled to recover the $400, and that Connolly was entitled, because of the failure of the plaintiffs to perform their contract, to a recovery of the $200. The court gave a judgment to Connolly for this amount upon his counter-claim.

The appellants argue that the contract for commissions satisfied the statute of frauds. This is immaterial. The position taken by the trial court on this question is correct. While the contract in form did satisfy the statute of frauds, there was no consideration for it. It was void for this reason. The appellants further argue that they did produce a buyer ready, willing, and able to purchase on the terms of the owner. There is no need of discussing this point because the findings of the trial judge are contrary to this contention. This court will not reverse a District Court upon a finding of fact if there is evidence to support it. *Duff* v. *Prudential Insurance Co.*, 90 *N. J. L.* 646. The plaintiffs-appellants further contend that a valid contract was entered into between Petshaft and Connolly. This was not so, for the shortage in acreage which the trial court found material made the contract void through mistake. It would have been impossible for Connelly to have held Petshaft upon this agreement because of this discrepancy in acreage.

We see no error in law made by the trial court. The judgment is affirmed, with costs.